*1164 BYE, Circuit Judge,
dissenting.
Because I believe the district court’s order is sufficient to enable a meaningful appellate review, I respectfully dissent from the majority’s decision to remand the case for a more detailed analysis on the qualified immunity claim.
The majority states it is “difficult to discern from the order whether the district court applied either step of the qualified immunity inquiry.” Ante, at 1163. In denying defendant’s motion for summary judgment, the district court stated: “[F]or the reasons stated in th[e] court’s Memorandum Opinion and Order on the defendant’s motion to dismiss, the court finds the defendant is not entitled to summary judgment on the basis of qualified immunity.” Mem. Op. & Order Den. Mot. Summ. J., 4:09-CV-3264, at 4 (D. Neb. June 6, 2011). After reviewing the court’s qualified immunity analysis, as laid out in its order on the motion to dismiss, I am convinced the court properly applied both steps of the qualified immunity inquiry and adequately explained its decision to allow appellate review. See Mem. Op. & Order Den. Mot. Dismiss, 4:09-CV-3264, at 8-9 (D.Neb. May 10, 2010) (outlining the two-step qualified immunity analysis and concluding defendant is not entitled to qualified immunity because plaintiff sufficiently alleged a violation of his clearly established constitutional right to be free of race discrimination).
Moreover, to the extent the majority suggests the qualified immunity analysis in the court’s prior order is unhelpful “because the district court did not consider summary judgment facts at that stage in the proceedings,” ante, at 1163, the majority fails to account for the fact the district court denied summary judgment on the basis of qualified immunity only after it had considered evidence beyond the pleadings. In fact, the court specifically noted it had reviewed “the documents submitted in support of and opposition to the defendant’s motion” for summary judgment. Mem. Op. & Order Den. Mot. Summ. J., 4:09-CV-3264, at 4 (D. Neb. June 6, 2011).
After examining all the evidence, the district court concluded “there are genuine issues of material fact with respect to the elements of the plaintiffs’ claims,” which preclude summary judgment at this stage. Id. It is this evidentiary sufficiency determination the defendant is now contesting on appeal. However, when an interlocutory appeal challenges the district court’s determination “the pretrial record sets forth a ‘genuine’ issue of fact for trial,” we lack jurisdiction to hear the appeal. Mahamed v. Anderson, 612 F.3d 1084, 1086 (8th Cir.2010); see also Behrens v. Pelletier, 516 U.S. 299, 313, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996) (holding “determinations of evidentiary sufficiency at summary judgment are not immediately appealable merely because they happen to arise in a qualified-immunity case”).
Accordingly, I would dismiss the appeal for lack of jurisdiction.